```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
       NORTHEASTERN DIVISION


LaRHONDA DUNLAP PEREZ        ]
     Plaintiff,              ]
                             ]
v.                           ]     No. 2:13-0036
                             ]     Judge Sharp
OVERTON COUNTY SHERIFF'S DEPT. ]
     Defendant.              ]
```

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is a resident of Campbellsville, Kentucky. She brings this action against the Overton County, Tennessee, Sheriff's Department, seeking injunctive relief and damages.

The plaintiff alleges that, while she was an inmate in the Overton County Jail, she was discriminated against, refused medical care, and was sexually harassed by its staff in violation of her constitutional rights.

The plaintiff is not suing individuals for violating her civil rights. Rather, she is bringing suit against the employer of the alleged tortfeasors. The plaintiff, though, can not sue the defendant solely because of its status as an employer. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by an employer in an allegedly wrongful act, the complaint fails to state a cause of

action upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this case, there has been no showing that the plaintiff's rights were violated either directly or indirectly by the defendant. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." Gibson v. Matthews, 926 F.2d 532, 535 (6th Cir.1991). Consequently, this action is subject to dismissal because the plaintiff has failed to state a claim against the defendant upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge